CLD-262                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3940
_____

ERICA PARKER,
                              Appellant

v.

SCHOOL DISTRICT OF PHILADELPHIA, d/b/a EDWARD T. STEEL
ELEMENTARY SCHOOL; STAFFING PLUS HOLDINGS, INC.;
INTERCOMMUNITY ACTION, INC.; JOHN DOES 1-10; JAMAL B. DENNIS,
INDIVIDUALLY AND HIS OFFICIAL CAPACITY AS PRINCIPAL OF EDWARD T.
STEEL ELEMENTARY SCHOOL d/b/a SCHOOL DISTRICT OF PHILADELPHIA;
ALLISON JOHNSTONE, d/b/a STAFFING PLUS HOLDINGS, INC.; SHARON
STARK, d/b/a INTERCOMMUNITY ACTION, INC.; URSALA WACYK, d/b/a
INTERCOMMUNITY ACTION, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 17-cv-01744)
Magistrate Judge:  Honorable Thomas J. Rueter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 23, 2020
Before:  JORDAN, KRAUSE and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 6, 2020)

## OPINION[*]

PER CURIAM

Erica Parker appeals the District Court's order granting Appellees' motion for summary judgment. For the reasons below, we will summarily affirm the District Court's judgment.

In April 2017, Parker filed a counseled civil rights complaint alleging that she had been wrongfully terminated from her employment for reporting the potential abuse of a student. In response to a motion to dismiss, she filed an amended complaint. In response to Appellees' subsequent motions to dismiss, Parker filed a second amended complaint, raising claims of wrongful termination in violation of Pennsylvania law and retaliation in violation of the First Amendment.[1] Appellees then filed motions for summary judgment. Represented by counsel, Parker responded to the motion. The District Court granted the motions, and Parker filed a pro se notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review over the District Court's order granting summary judgment. Razak v. Uber Techs., Inc., 951 F.3d 137, 144 (3d Cir. 2020). A grant of summary judgment will be affirmed if our review

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Parker also alleged a third claim that she later withdrew.

2

reveals that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We must view the evidence in the light most favorable to Parker as the non-moving party, and all inferences must be drawn in her favor. Razak, 951 F.3d 144.

The details of Parker's claims are well known to the parties, set forth in the District Court's memorandum order, and need not be discussed at length. Briefly, in September 2015, Parker was placed by Appellee Staffing Plus to work for Appellee Intercommunity Action ("Interact") as a clinician at a school in the Philadelphia School District. On October 6, 2015, she suspected that one of her student-clients had been abused outside of school. She informed her supervisor, Appellee Stark, who informed her of the procedure for reporting the issue and commended her for earning the student's trust so quickly. Parker then reported the suspected abuse to a child protection hotline. On October 15, 2015, Stark texted Parker and informed her not to report to the school.

As noted above, Parker alleged that she was terminated for reporting the suspected child abuse to the hotline. Both her state law wrongful termination claim and her First Amendment retaliation claim require her to show that her call to the hotline was the cause of her termination. See Dougherty v. Sch. Dist. of Phila., 772 F.3d 979, 986 (3d Cir. 2014) (plaintiff must show First Amendment activity was a substantial and motivating factor in the retaliatory action); Krolczyk v. Goddard Sys., Inc., 164 A.3d 521, 527 (Pa. Super. Ct. 2017) (plaintiff must show firing violated public policy). Thus, we will

3

consider the evidence submitted and whether Parker has shown that a genuine dispute of material facts exists regarding the reasons for her termination.

In their motions for summary judgment, Appellees argue that Parker was terminated for failing to manage her caseload of students and properly file accurate and timely paperwork. In an affidavit, Stark explained that Interact must submit detailed progress notes and timesheets to receive compensation for its services. If the paperwork is late or inaccurate, Interact will not get paid. Stark noticed from the beginning of Parker's time at the school that she had trouble managing her caseload and completing her paperwork. Specifically, she noted that Parker failed to manage her time to allow each student-client to receive the services recommended, needed significant assistance to complete her paperwork, failed to submit paperwork by the deadlines, and her progress notes did not match her billing log.

Stark stated that she asked Parker about the suspected abuse and her reporting of it to prepare for a regularly scheduled meeting with the school's principal, Appellee Jamal Dennis. During the meeting, Stark and Dennis did not discuss removing Parker from the school based on her reporting the suspected abuse. After making the report, Parker continued to have issues with paperwork and time management. Stark was unable to discuss those errors with Parker because Parker was unexpectedly absent. The following week, Stark discussed her concerns with a higher-up, Appellee Ursula Wacyk, and they agreed that Parker should be removed from her assignment.

4

In support of this explanation, Appellee Stark also submitted an email dated October 14, 2015, in which she describes to Wacyk the many mistakes in Parker's paperwork. "There are a slew of mistakes. Her sales dates and times do not match her notes and even has the wrong children." After noting additional errors, she concluded, "I am convinced now that she is not right for this job." In a subsequent memo dated October 14, 2016, Stark stated that Parker's employment was terminated because "she had time management issues and difficulty completing the paperwork in a timely and accurate manor [sic]." She noted that Parker had trouble giving all her student-clients in her caseload the time they were allotted. As for paperwork, Stark asserted, "[s]he needed an excessive amount of supervision with paperwork and even then, there were problems with the paperwork she submitted. At times, she failed to complete paperwork in the necessary timeframes. Her log of her hours spent as a therapist where [sic] inconsistent with her progress notes of times spent with the clients." Parker admitted in her deposition that she had trouble turning in paperwork at the end of the day because she was used to doing it within 24 hours. Parker Dep. at 39-40. She did not dispute that she made mistakes in her paperwork and had issues with seeing all of the clients in her caseload.

To support her claims, Parker repeatedly pointed to her deposition testimony that Appellee Principal Dennis allegedly told her "you are done!" after she informed him she had made the report to the hotline. However, this "startling statement," as she described it, was not even mentioned in the counseled second amended complaint or her first

5

description of the conversation in her deposition. In her second amended complaint, Parker stated that after telling the Principal that she had made the report, "[t]he Principal simply said 'ok,' and dismissed Plaintiff." 2nd Am. Compl. at ¶ 27. At her deposition, Parker was asked "[a]fter you told him that you filed the report, according to your Complaint, he simply said okay and dismissed you. Is that accurate?" Parker responded, "I went to his office and I was dismissed, yeah." Parker Dep. at 239. Later in her deposition, she stated, "[a]nd then after I told him, you know, then, okay, I was told, okay, you are done. And then [Stark and Dennis] went into a meeting." Id. at 251.

Parker argued that this is evidence of a conspiracy that she would be "done" at that school. However, the statement does not support such an inference, and, from the context, it appears that Dennis was simply informing Parker that her presence was no longer needed at the meeting between himself and Stark. In response to Parker's interrogatories, Dennis stated that his conversations with Stark did not involve Parker's performance. While Parker alleged that Dennis's demeanor towards her changed after her report to the hotline, she admitted that she never had another conversation with him and only worked two or three days at the school after their interaction. Id. at 239. The statement "you are done" does not create a genuine issue of material fact regarding the reasons for Parker's termination.

Parker also argued that two recruiters from Staffing Plus told her that she was removed from the school because of "the phone call." She did not offer any sworn statements or deposition testimony from the recruiters in support. In fact, in response to

6

Parker's interrogatories, Staffing Plus stated that Alison Johnstone told Parker by telephone on October 15, 2015, that Interact had ended her assignment. Staffing Plus was told by Interact that the reasons included poor attendance and incomplete and incorrect paperwork.

In her second amended complaint, Parker alleged that in January 2016, Johnstone told her that Interact told Staffing Plus that Parker's services were no longer needed because she made the phone call to the child abuse hotline. 2nd Am. Compl. at ¶ 34. However, Parker offers no evidence that she was told that her call to the hotline was the reason for her termination. When asked at her deposition, Parker stated that she spoke to Johnstone not in January 2016 but in October 2015 after being removed from the school, and Johnstone could not tell her what was going on. When she called Staffing Plus in January 2016, she was told that Johnstone was no longer there. Parker Dep. at 169. She contacted another recruiter, Kate Call. "And that's when I had been told everything was about a phone call that I had made." Id. at 171. Later in the deposition, she contradicted herself and stated that Alison Johnstone had told her that she was removed because she made a phone call she should not have made. She then stated "I don't know what that means. I still don't know until today. And I'm assuming it."

In response to a summary judgment motion, a litigant cannot rely on suspicions, simple assertions, or conclusory allegations. Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981). Nor can a summary judgment motion be defeated by speculation and conjecture, see Wharton v. Danberg, 854 F.3d 234, 244 (3d Cir. 2017), or conclusory,

self-serving affidavits. See Gonzalez v. Sec'y of Dep't of Homeland Sec., 678 F.3d 254, 263 (3d Cir. 2012). Parker's vague, unsupported assumptions that she was removed from her assignment based on "a phone call" are not sufficient to create a genuine dispute of material fact regarding the reasons for her termination. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). Parker has offered no evidence that Stark, or anyone else, perceived her report to the hotline negatively. Stark actually encouraged the report, explained the reporting procedures to Parker, and praised her ability to earn the student's trust.

In her counseled response to Appellees' motions for summary judgment, Parker alleged for the first time that three other clinicians also failed to timely turn in their paperwork, give students all the time required, and made errors in their paperwork. Besides her own affidavit, Parker provides no detailed evidence in support of these conclusory assertions. She provided no statements from these clinicians. Nor does it appear that she asked Appellees for any information on comparable employees during discovery. These allegations are simply too little, too late.

Viewing the evidence in the light most favorable to Parker, we conclude that she has not shown a genuine dispute as to any material fact regarding the reasons for her termination. The Magistrate Judge did not err in granting Appellees' motions for summary judgment.

8

Parker argues on appeal that the Magistrate Judge was biased against her after she refused a settlement offer from the Appellees.  However, Parker, through her attorneys, consented to the Magistrate Judge exercising jurisdiction over the case *after* the settlement conference.  Moreover, contrary to Parker's belief, the Magistrate Judge did not conduct factfinding over her case.  Rather, he determined that there was no need for factfinding because Appellees were entitled to judgment as a matter of *law*.  Furthermore, because we review the grant of summary judgment de novo and agree with his legal conclusions, Parker was not prejudiced by any potential bias on the part of the Magistrate Judge.  A litigant's displeasure with legal rulings is neither an adequate basis for recusal, see Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000), nor grounds for vacating the judgment.

Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  See Third Circuit I.O.P. 10.

9